IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00274-GPG

REID HOLIDAY CARY-SADLER,

    Plaintiff,

v.

DENVER SHERIFF'S DEPARTMENT,
DENVER DOWNTOWN DETENTION CENTER (then on shift staff), and
DENVER SHERIFF'S DEPUTY FULLER,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Reid Holiday Cary-Sadler, is an inmate at the Denver County Jail in Denver, Colorado.  Mr. Cary-Sadler has filed *pro se* a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983 alleging he was strangled by Defendant Fuller.  The court must construe the Prisoner Complaint liberally because Mr. Cary-Sadler is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Cary-Sadler will be ordered to file an amended complaint if he wishes to pursue his claim in this action.

    The Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if

proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Cary-Sadler fails to provide a short and plain statement of his claim showing he is entitled to relief because he fails to provide specific factual allegations in support of that claim. Mr. Cary-Sadler alleges that he was strangled by Defendant Fuller, apparently on two occasions, but he does not allege when these incidents occurred and he fails to provide any factual allegations describing the events that led to these incidents or what injuries he suffered as a result of the incidents. It is not sufficient to refer to unspecified news articles and reports; Mr. Cary-Sadler must allege the specific facts that support the federal claim he is asserting. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific

legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). Furthermore, it is not clear what claim Mr. Cary-Sadler may be asserting against the other Defendants listed in the caption of the Prisoner Complaint.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Cary-Sadler must file an amended complaint if he wishes to pursue his claim in this action.

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Mr. Cary-Sadler should name as Defendants only those persons he contends actually violated his federal rights. To the extent Mr. Cary-Sadler may intend to assert a claim against anyone other than Deputy Fuller, he fails to identify who that person is or how they personally participated in the asserted constitutional violation. Mr. Cary-Sadler also may not include claims in his amended complaint against a county or other municipal entity, such as the Denver Sheriff's Department, unless he demonstrates he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Accordingly, it is

ORDERED that Mr. Cary-Sadler file, **within thirty (30) days from the date of**

**this order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Cary-Sadler shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Cary-Sadler fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED March 8, 2015, at Denver, Colorado.

                                      BY THE COURT:

                                      S/ Gordon P. Gallagher

                                      United States Magistrate Judge